IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **CHEIKH FASSA**, on behalf of himself and all others similarly situated, | ) ) ) |
| Plaintiff, | ) CASE NO. 2:21-cv-542 ) ) Judge Michael H. Watson ) Magistrate Judge Chelsey M. Vascura |
| v. | ) ) |
| **P&E EXPRESS INC.**, | ) **FIRST AMENDED COLLECTIVE AND** ) **CLASS ACTION COMPLAINT** ) |
| Defendant. | ) **JURY DEMAND ENDORSED** ) **HEREON** ) ) |

Plaintiff Cheikh Fassa, for his First Amended Complaint against Defendant P&E Express Inc., states and alleges the following:

**INTRODUCTION**

1.  This case challenges policies and practices of Defendant that violated the Fair Labor Standards Act (the "FLSA"), 29 U.S.C. §§ 201-219, as well as corresponding provisions of Ohio wage-and-hour law, Ohio Rev. Code Ann. § 4111.03, *et seq.*

2.  Plaintiff brings this case as an FLSA "collective action" pursuant to 29 U.S.C. §216(b), which provides that "[a]n action to recover the liability" prescribed by the FLSA "may be maintained against any employer … by any one or more employees for and in behalf of himself or themselves and other employees similarly situated." Plaintiff brings this case on behalf of himself and other "similarly situated" persons who may join this case pursuant to §216(b) (the "FLSA Class").

3.  Plaintiff also brings this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of himself and other members of a class of persons, defined herein, who assert factually-related claims under Ohio Revised Code 4113.03 *et seq.* (the "Ohio Class").

## JURISDICTION AND VENUE

4. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

5. Venue is proper in this judicial district and division pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred here.

6. The Court has supplemental jurisdiction over the asserted state law claims pursuant to 28 U.S.C. § 1367 because the claims are so related to the FLSA claims as to form part of the same case or controversy.

## PARTIES

7. At all relevant times, Plaintiff was a non-exempt employee.

8. Defendant is a for profit corporation organized under the laws of the Ohio, and maintaining a principal place of business in Columbus, Ohio. Defendant can be served via its registered agent: Ayham Alammar, 4841 Elmont Pl., Groveport, OH 43125.

9. At all times relevant, Defendant was an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d), and corresponding provisions of Ohio law including the Ohio overtime compensation statute, Ohio Rev. Code Ann. § 4111.03.

10. At all times relevant, Defendant was an enterprise within the meaning of 29 U.S.C. § 203(r), and an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1).

## FACTUAL ALLEGATIONS

11. Defendant is a logistics company in the business of delivering packages. More specifically, Defendant provides local delivery service for Amazon.

12. Plaintiff, the FLSA Class, and the Ohio Class are current and former delivery drivers (the "Delivery Drivers") employed by Defendant who worked more than 40 hours in a single workweek.

13. Defendant paid the Delivery Drivers on an hourly basis, though led the drivers to believe they were paid primarily on a flat rate for routes driven per day, and based on non-discretionary incentive bonuses which were designed to encourage productivity, including a specified "Bonus".

14. In fact, however, Defendant paid Delivery Drivers straight time for almost all hours worked, including most hours worked in excess of 40 in a workweek, but Defendant disguised hours worked in excess of 40 as the "Bonus" even though in fact they were hours worked and paid at the respective Delivery Driver's regular straight-time hourly rate.

15. Additionally, Defendant paid Delivery Drivers non-discretionary incentive compensation, including but not limited to, "Peak Incentive" and other incentives, but did not include the additional compensation into the regular rate, resulting in further underpayment of overtime.

16. The FLSA and Ohio law also require that the regular rate for calculating overtime compensation include all non-discretionary compensation, except for certain statutory exceptions that are no applicable here.

17. Accordingly, though the Delivery Drivers were non-exempt employees, Defendant failed to pay the Delivery Drivers overtime compensation earned at one and one-half times their properly calculated regular rates when they worked in excess of 40 hours in a single

workweek.[1]

18. The FLSA and Ohio law require Defendant to pay overtime compensation to the Delivery Drivers at one and one-half times their properly calculated regular rate of pay when the Delivery Drivers work in excess of 40 hours in a single workweek. (*See, e.g.,* 29 U.S.C. § 207; Ohio Rev. Code Ann. § 4111.03(A) (incorporating FLSA standards)).

19. Defendant knowingly and willfully engaged in the above-mentioned violations of the FLSA and Ohio law.

## **COLLECTIVE ACTION ALLEGATIONS**

20. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

21. Plaintiff brings this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b), which provides that "[a]n action to recover the liability "prescribed by the FLSA "may be maintained against any employer … by any one or more employees for and in behalf of himself or themselves and other employees similarly situated."

22. The FLSA Class Members who are "similarly situated" to Plaintiff with respect to Defendant's FLSA violations consist of:

> All current and former delivery drivers employed by Defendant who worked in excess of 40 hours in at least one workweek during the period from February 5, 2018 through the final disposition of this matter.

23. Such persons are "similarly situated" with respect to Defendant's FLSA violations in that all were non-exempt employees of Defendant, all were subjected to and injured by Defendant's unlawful practice of failing to pay all overtime compensation at a rate

---

[1] Further evidencing Defendant's scheme to avoid paying all overtime earned, Defendant paid some weeks with overtime at one and one-half times the Delivery Driver's hourly rate. However, these instances are the minority and Defendant did not include other non-discretionary compensation into the regular rate for the purposes of calculating overtime.

4

of one and one-half times their properly calculated regular rates for hours worked in excess of 40 in one or more workweeks, and all have the same claims against Defendant for unpaid overtime premiums as well as for liquidated damages, attorneys' fees, and costs.

24. Conditional certification of this case as a collective action pursuant to 29 U.S.C. § 216(b) is proper and necessary so that such persons may be sent a Court-authorized notice informing them of the pendency of this action and giving them the opportunity to "opt in."

25. Plaintiff cannot yet state the exact number of similarly situated persons but avers, upon information and belief, that they consist of over 100 persons. Such persons are readily identifiable through the payroll records Defendant have maintained, and were required to maintain, pursuant to the FLSA and Ohio law.

## **CLASS ACTION ALLEGATIONS**
### **(Ohio Class)**

26. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

27. Plaintiff brings this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of himself and other members of a class of persons who assert claims under the laws of the State of Ohio. The Ohio Class is defined as:

> All current and former delivery drivers employed by Defendant who worked in excess of 40 hours in at least one workweek during the period from February 5, 2019 through the final disposition of this matter.

28. The Ohio Class is so numerous that joinder of all class members is impracticable. The number of class members as well as their identities are ascertainable from the payroll records Defendant has maintained, and was required to maintain, pursuant to the FLSA and Ohio

law. Upon information and belief, the exact number of Ohio Class Members exceeds 100 Delivery Drivers.

29. There are questions of law or fact common to the Ohio Class, including but not limited to, whether Defendant failed to pay its delivery drivers for overtime in violation of Ohio law.

30. Plaintiff's claims are typical of the claims of other members of the Ohio Class. Plaintiff's claims arise out of the same uniform course of conduct by Defendant, and are based on the same legal theories, as the claims of other class members.

31. Plaintiff will fairly and adequately protect the interests of the Ohio Class. Plaintiff's interests are not antagonistic to, but rather are in unison with, the interests of other class members. Plaintiff's counsel have broad experience in handling class action litigation, including wage-and-hour litigation, and are fully qualified to prosecute the claims of the Ohio Class in this case.

32. The questions of law or fact that are common to the Ohio Class predominate over any questions affecting only individual members. The primary questions that will determine Defendant's liability to the class, listed above, are common to the class as a whole, and predominate over any questions affecting only individual class members.

33. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Requiring class members to pursue their claims individually would entail a host of separate suits, with concomitant duplication of costs, attorneys' fees, and demands on court resources. Many class members' claims are sufficiently small that they would be reluctant to incur the substantial cost, expense, and risk of pursuing their claims individually.

Certification of this case as a class action pursuant to Fed. R. Civ. P. 23 will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

## COUNT ONE
### (FLSA Overtime Violations)

34. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

35. Plaintiff brings this claim for violation of the FLSA's overtime provisions on behalf of himself and the FLSA Class Members who may join this case pursuant to 29 U.S.C. § 216(b). Plaintiff's written consent to becoming a party to this action pursuant to Section 216(b) has been filed with the Court.

36. The FLSA requires that Defendant's hourly non-exempt employees receive overtime compensation at a rate of one and one-half times their regular rate for all hours worked in excess of 40 in a workweek.

37. Plaintiff and the FLSA Class should have been paid overtime compensation at the rate of one-half times their properly calculated regular rate for all hours worked in excess of 40 hours per workweek.

38. Defendant failed to pay overtime premiums to Plaintiff and the FLSA Class Members for all hours worked in excess of 40 in a work week and failed to include all compensation into the overtime calculations.

39. By engaging in that practice, Defendant willfully violated the FLSA and regulations thereunder that have the force and effect of law.

40. As a result of Defendant's violations of the FLSA, Plaintiff and the FLSA Class Members were injured in that they did not receive overtime compensation due to them pursuant to the FLSA. 29 U.S.C. § 216(b) entitles them to an award of "unpaid overtime

compensation" as well as "an additional equal amount as liquidated damages." Section 16(b) further provides that "[t]he court … shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the Defendant, and costs of the action."

## COUNT TWO
### (Ohio Overtime Violations)

41. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

42. Plaintiff brings this claim for violation of the Ohio overtime compensation statute, Ohio Rev. Code Ann. § 4111.03, on behalf of himself and the Putative Class members who worked for Defendant in Ohio and who may join this case pursuant to 29 U.S.C. § 216(b), and all members of the Ohio Class for which certification is sought pursuant to Fed. R. Civ. P. 23.

43. At all times relevant, Defendant was an employer covered by the Ohio overtime compensation statute, Ohio Rev. Code Ann. § 4111.03.

44. Defendant violated the Ohio overtime compensation statute, Ohio Rev. Code Ann. § 4111.03, by not paying an overtime premium for all hours worked in excess of 40 in and work week and by excluding non-discretionary incentive compensation from the calculation of employees' regular rates for purposes of overtime computing compensation.

45. Defendant's violations of Ohio Rev. Code Ann. § 4111.03 injured Plaintiff and the Putative Class members who worked for Defendant in Ohio, and the Ohio Class members in that they did not receive overtime compensation due to them pursuant to that statute.

46. Ohio Rev. Code Ann. § 4111.10(A) provides that Defendant, having violated §4111.03, is "liable to the employee[s] affected for the full amount of the overtime wage rate,

8

less any amount actually paid to the employee[s] by the employer, and for costs and reasonable attorney's fees as may be allowed by the court."

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff, on behalf of himself and all similarly situated employees, prays that this Honorable Court:

WHEREFORE, Plaintiff respectfully requests that the Court:

A. Conditionally certify this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b) and direct that Court-approved notice be issued to similarly situated persons informing them of this action and enabling them to opt in;

B. Certify this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of Plaintiff and other members of the Ohio Class;

C. Enter judgment against Defendant and in favor of Plaintiff and other members of the FLSA Collective and the Ohio Class;

D. Award compensatory damages to Plaintiff and other members of the FLSA Collective and the Ohio Class in the amount of their unpaid wages, as well as liquidated damages in an equal amount; and,

E. Award Plaintiff his costs and attorney's fees incurred in prosecuting this action and such further relief as the Court deems equitable and just.

Respectfully submitted,

**NILGES DRAHER LLC**

*/s/ Robi J. Baishnab*
Robi J. Baishnab (0086195)
34 N. High St., Ste. 502
Columbus, OH 43215
Telephone: 614-824-5770
Facsimile: 330-754-1430
Email: rbaishnab@ohlaborlaw.com

Hans A. Nilges (0076017)
7266 Portage Street, N.W.
Suite D
Massillon, OH 44646
Telephone: 330.470.4428
Email: hans@ohlaborlaw.com

9

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

*/s/ Robi J. Baishnab*
Robi J. Baishnab

*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on May 17, 2021 the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

*/s/ Robi J. Baishnab*
Robi J. Baishnab

*Counsel for Plaintiffs*