UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**Cheikh Fassa,** *on behalf of himself and all others similarly situated*,

    **Plaintiff,**

v.

**P&E Express Inc.,**

    **Defendant.**

Case No. 2:21-cv-542

Judge Michael H. Watson

Magistrate Judge Vascura

## OPINION AND ORDER

Plaintiff and Defendant have settled Plaintiff's claims, which were brought under the Fair Labor Standards Act ("FLSA"), 42 U.S.C. § 206, *et seq.*, and under the Ohio Revised Code. Mot., ECF No. 40. Defendant moves, and Plaintiff does not oppose, for an order permitting the parting to redact the settlement terms. *Id.* Defendant argues that confidentiality of the settlement amount is appropriate because Plaintiff's "entitlement to damages was hotly contested and the amount of the settlement was negotiated over the course of several months." *Id.* Defendant also asserts that redacting only the settlement amount reflects the strong presumption of public access to FLSA settlements. *Id.*

The Sixth Circuit has not specifically held whether settlements in FLSA cases can be filed under seal based simply on the parties' desire to keep the terms of the agreement confidential. *See Cook v. Papa John's Paducah, LLC*, No. 5:20-CV-00129 (TBR), 2021 WL 6135951, at *1 (W.D. Ky. Dec. 29, 2021).

The Sixth Circuit has, however, repeated the general principles that "[o]nly the most compelling reasons can justify non-disclosure of judicial records" and that "the greater the public interest in the litigation's subject matter, the greater the showing necessary to overcome the presumption of access." *Shane Grp., Inc. v. Blue Cross Blue Shield of Mi.*, 825 F.3d 299, 305 (6th Cir. 2016) (cleaned up).

Applying these principles to FLSA cases, courts have taken various approaches. This Court, however, has concluded that "the overwhelming majority of trial courts to consider whether to approve confidential settlements in FLSA cases have held that there is a strong presumption in favor of public access to settlement agreements in these cases" and that "a confidentiality provision in an FLSA settlement agreement . . . contravenes the legislative purpose of the FLSA." *Zego v. Meridian-Henderson*, No. 2:15-cv-3098, 2016 WL 4449648, at *1 (S.D. Ohio Aug. 24, 2016) (internal quotation marks and citations omitted); *see also Macknight v. Boulder Healthcare, LLC*, No. 2:20-cv-4508, 2021 WL 391762, at *2 (S.D. Ohio Feb. 4, 2021); *Altier v. A Silver Lining LLC*, No. 2:17-cv-599, 2017 WL 10402564, at *2 (S.D. Ohio Nov. 15, 2017). Therefore, absent an extraordinary reason, FLSA settlement agreements should not be sealed. *E.g.*, *Zego*, 2016 WL 4449648, at *1.

The sole factual reason submitted in support of redacting the settlement amount is that Plaintiff's "entitlement to damages was hotly contested and the amount of the settlement was negotiated over the course of several months." Mot., ECF No. 40. The parties also rely on the recent case of *Athan v. United*

*States Steel Corp.*, 523 F.Supp.3d 960 (E.D. Mich. Mar. 3, 2021), in which the district court allowed the parties to redact the settlement amount from their FLSA settlement filings. *Id.* at 970. That case is distinguished from this one, however. First, the *Athan* court explained that confidential was a material term of the settlement agreement, which does not appear to be the case here. *Id.* at 969. Second, although the *Athan* parties redacted the settlement amount, they "disclose[d] significant and helpful contextual facts regarding the nature and quality of the recovery," which provided the public with adequate information about the resolution of the case. *Id.* at 969–70. The parties here have not provided such context. Finally, and perhaps most importantly, the *Athan* court emphasized that it was not announcing some new rule about the propriety of sealing FLSA settlement agreements; rather, it merely found that the case before it was the rare instance where a partial redaction was permissible. *Id.* at 970. So, *Athan* is inapposite.

For these reason, Defendant's motion is **DENIED WITHOUT PREJUDICE** to filing a properly supported motion to seal. The Clerk is **DIRECTED** to terminate ECF No. 40.

**IT IS SO ORDERED.**

_____
**MICHAEL H. WATSON, JUDGE
UNITED STATES DISTRICT COURT**