UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Cheikh Fassa, *on behalf of himself and others similarly situated*,

      Plaintiff,

v.

P&E Express Inc.,

      Defendant.

Case No. 2:21-cv-542

Judge Michael H. Watson

Magistrate Judge Vascura

## OPINION AND ORDER

Cheikh Fassa ("Representative Plaintiff") sued P&E Express Inc. ("Defendant") for unpaid overtime wages and other relief under the Fair Labor Standards Act ("FLSA") and analogous state laws. Compl., ECF No. 1. Representative Plaintiff alleged that Defendant failed to properly pay Representative Plaintiff and similarly situated employees for overtime hours worked due to Defendant's bonus structure. *Id.* Four additional plaintiffs have opted-in, but the parties represent that the putative class is 101 individuals. Mot. 6, ECF No. 44. The parties have settled Plaintiffs' FLSA claims, have dismissed the state law claims, and move for approval of their settlement agreement. *Id.*

"As a general rule, employees' claims under the FLSA are non-waivable and may not be settled without supervision of either the Secretary of Labor or a district court." *Gentrup v. Renovo Servs., LLC*, No. 1:07-cv-430, 2011 WL 2532922, at *2 (S.D. Ohio June 24, 2011) (citing *Lynn's Food Stores, Inc. v.*

*United States*, 679 F.2d 1350, 1352–53 (11th Cir. 1982)). To approve a settlement agreement, a court must conclude that it is a "fair, reasonable, and adequate" resolution of a bona fide legal dispute. *Int'l Union, United Auto, Aerospace, and Agr. Implement Workers of Am. v. Gen. Motors Corp.*, 497 F.3d 615, 631 (6th Cir. 2007) (discussing a class action settlement under Federal Rule of Civil Procedure 23); *see also Vigna v. Emery Fed. Credit Union*, No. 1:15-cv-51, 2016 WL 7034237, at *3 (S.D. Ohio Dec. 2, 2016) (applying the same analysis to an FLSA settlement). Factors relevant to this determination include: (1) the risk of fraud or collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the amount of discovery engaged in by the parties; (4) the plaintiff's likelihood of success on the merits; and (5) the public interest in settlement. *Clevenger v. JMC Mech., Inc.*, No. 2:15-cv-2639, 2015 WL 12681645, at *1 (S.D. Ohio Sept. 25, 2015) (citation omitted). "The court may choose to consider only factors that are relevant to the settlement at hand and may weigh particular factors according to the demands of the case." *Gentrup,* 2011 WL 2532922, at *3. Additionally, the Court must separately assess the reasonableness of any proposed award of attorneys' fees and costs, even when they are negotiated as part of the settlement. *Vigna*, 2016 WL 7034237, at *4.

After a careful review of the proposed settlement agreement, the Court finds that the settlement agreement is a fair, reasonable, and adequate resolution of a bona fide legal dispute between the parties.

There is a bona fide dispute in this case as the parties dispute whether Defendants properly compensated the putative plaintiffs for overtime hours worked. There is no indication that the settlement was reached by anything other than arms' length negotiations between counsel. The settlement will avoid expensive litigation for both sides, including the remining discovery, dispositive motions, trial, and possible appeals. Further, Plaintiff's counsel was able to assess Defendant's payroll information and other employment data and had the opportunity to evaluate the chances of success.

The parties represent that the total settlement amount is $28,000, and that the average individual payment will be $172.26, even if all putative members opt-in to the collective action. Individual settlement payments will be calculated based on each individual's *pro rata* share of the total settlement amount, and the total settlement amount exceeds the expected value calculated by Plaintiff's counsel. Representative Plaintiff will receive a $500 service award in addition to his individual payment. Both these payments are reasonable. *See Johnson v. Centor, Inc.*, No. 5:19-CV-2622, 2021 WL 5140966, at *3 (N.D. Ohio Nov. 4, 2021) (approving an FLSA settlement agreement where individual awards were based on the individual's *pro rata* share of the total settlement amount and the settlement amount exceeded the "expected value of the case"); *Hadix v. Johnson*, 322 F.3d 895, 897 (6th Cir. 2003) (observing that "[n]umerous courts" have found that service awards are "efficacious ways of encouraging members of a class to become class representatives and rewarding individual efforts taken on

behalf of the class"). Moreover, attorney's fees in the amount of $9,333.33, representing approximately one-third of the total settlement amount, and are reasonable. *See Hebert v. Chesapeake Operating, Inc.*, No. 2:17-CV-852, 2019 WL 4574509, at *8 (S.D. Ohio Sept. 20, 2019) ("33% is typical for attorney's fees in common fund, FLSA collective actions in this District."). Additionally, costs to Plaintiffs' counsel of $940.99 are reasonable.

The parties' joint motion, ECF No. 44, is **GRANTED**, and the revised settlement agreement and proposed notices, ECF No. 44-1, are **APPROVED**. The Court **DISMISSES** the case **WITH PREJUDICE** but retains jurisdiction to enforce the terms of the settlement agreement. The Clerk is **DIRECTED** to close the case.

**IT IS SO ORDERED.**

*/s/ Michael H. Watson*

**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**